UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNIE LEE DENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 03-CV-0682-CVE-PJC |
| ) | |
| STORMY WILSON, District Supervisor, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction and sentence entered in Tulsa County District Court, Case No. CF-2001-3868. Respondent filed a response (Dkt. # 7), and provided the state court records (Dkt. # 8) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 15) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

In the early evening hours of February 22, 2001, Tulsa Police officer Warren Gibson observed a vehicle make a sudden "corner cutting" turn,[1] without signaling, from Tecumseh Street in North Tulsa, onto Kingston Place. Following the vehicle, Officer Gibson noted that the driver was not wearing a seatbelt, made a second illegal turn, then "jay-parked" the car approximately four feet from the curb on the opposite side of the street. Officer Gibson approached the vehicle and asked the driver to step from the car. Petitioner was the driver. The officer observed that Petitioner could

---

[1] Officer Gibson explained that a "corner-cutting" turn is one where the car making the turn crosses into the opposite lane. See Dkt. # 8, Tr. Trans at 125.

not walk without leaning on the car, had slurred speech, bloodshot eyes, and smelled of alcohol. Petitioner was screaming and cursing at the officer, and refused to take a field sobriety test.

Petitioner was arrested, charged, and convicted by a jury of Driving Under the Influence of Intoxicating Liquor, after former conviction of a felony (Count I), Driving Under Suspension (Count II), and Driving without Owners Security Verification (Count III). He was sentenced to seven (7) years imprisonment and a $5000 dollar fine on Count I, a fine of $500 on Count II, and a fine of $250 on Count III. Petitioner was represented at trial by attorney Jeffrey Martin.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Danny Lohmann, Petitioner raised two (2) propositions of error on direct appeal:

> Proposition I: Appellant was denied a fair trial because the District Judge also presided over the trial, in violation of 22 O.S. 1991, § 576.
>
> Proposition II: The evidence in this case was insufficient to support Appellant's conviction beyond a reasonable doubt.

(Dkt. # 2, App. B). In an unpublished summary opinion, filed April 25, 2003, in Case No. F-2002-398, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 2, App. A). Petitioner acknowledges that he did not seek a *writ of certiorari* from the United States Supreme Court, nor did he file an application for post-conviction relief in the state district court (Dkt. # 1).

Petitioner, appearing *pro se*, filed his federal habeas corpus petition and supporting brief on October 3, 2003 (Dkt. ## 1, 2), asserting the same two (2) grounds for relief that were raised on direct appeal:

> Ground 1: Petitioner was denied a fair trial because the District Judge also presided over the trial, in violation of 22 O.S. 1991, § 576.

2

> Ground 2: The evidence in this case was insufficient to support Petitioner's conviction beyond a reasonable doubt.

In response to the petition, Respondent argues that Petitioner's ground one claim is not cognizable in these habeas proceedings, and his ground two claim was properly denied by the OCCA (Dkt. # 7). Petitioner replies that his ground one claim is cognizable because he was denied his federal constitutional right to due process, and his ground two claim was incorrectly decided by the OCCA (Dkt. # 15).

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). After careful review of the record, the Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court

3

applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated both grounds one and two on direct appeal. Therefore, to the extent those claims are cognizable in a federal habeas corpus proceeding, they shall be reviewed pursuant to § 2254(d).

**1.     Denial of fair trial (ground one)**

For his first claim, Petitioner asserts that he was denied a fair trial because the district judge who presided over his trial had also granted the State's appeal of a magistrate judge's ruling at the preliminary hearing. Petitioner argues that this was a violation of his rights under Okla. Stat. tit. 22, § 576 (1991).[2] He also asserts a violation of his due process rights under the United States Constitution. Respondent responds that Petitioner's challenge is a matter of state law and not subject to habeas corpus review. This issue was rejected by the OCCA on direct appeal, as follows:

> As to Appellant's first proposition, we find that a violation of 22 O.S. 1991, § 576 is not structural error of constitutional dimensions which affects the framework within which the trial proceeds. Rather, as this Court noted in the unpublished opinion of *Salazar v. State*, PC-98-633, handed down on August 20, 1999, section 576 confers a "personal" right which extends to either the defendant or the State to have the trial heard by a judge other than the one who presided at the preliminary hearing. Accordingly, this Court can apply harmless error analysis to violations of

---

[2]     This Oklahoma statute provides that the judge who conducts the preliminary examination shall not try the case unless all parties consent. See Okla. Stat. tit. 22, § 576 (1991). The trial judge in Petitioner's case was Judge Jefferson D. Sellers. Although Judge Sellers did not conduct Petitioner's preliminary hearing, he did rule on the State's appeal of a magistrate judge's ruling at preliminary hearing.

4

> section 576 as we do other statutory violations which are not structural error. *See Phillips v. State*, 989 P.2d 1017, 1033-34 (Okl.Cr.1999) (harmless error analysis applied to violation of 22 O.S.1991, § 15 which requires that no defendant shall be tried in handcuffs or shackles unless he waives his right). A review of the entire record indicates that Appellant was not prejudiced in any way by the violation of 22 O.S.1991, § 576. This statutory violation was harmless beyond a reasonable doubt.

See Dkt. # 2, App. A at 2.

First, insofar as Petitioner claims a violation of state law and challenges the OCCA's interpretation of this law, the claim shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. Petitioner's first claim, insofar as it is based on Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his unfair trial claim insofar as he alleges a violation of due process based on his "constitutional right to a fair trial by a different judge" (Dkt. # 15 at 2). In adjudicating this claim as part of Petitioner's direct appeal, the OCCA found that the statutory violation by the trial judge was a trial error which did not prejudice Petitioner and was "harmless beyond a reasonable doubt." See Dkt. # 2, App. A at 2.

The Supreme Court has identified two types of constitutional errors: structural and trial. See Arizona v. Fulminante, 499 U.S. 279, 306-10 (1991). A defect in the trial mechanism itself, affecting the entire trial process, is a structural error and is *per se* prejudicial. See Yohn v. Love, 76 F.3d 508, 522 (3d Cir. 1996). "[T]he determination of whether an error is structural depends on

5

not only the right violated, but also the 'nature, context, and significance of the violation.'" United States v. Pearson, 203 F.3d 1243, 1261 (10th Cir. 2000) (quoting Yarborough v. Keane, 101 F.3d 894, 897 (2d Cir. 1996)). Only in rare cases has the Supreme Court ruled an error "structural," thus requiring automatic reversal. Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 2551 (2006). Most constitutional errors can be harmless. Id. (citing Neder v. United States, 527 U.S. 1, 8 (1999)). The Court finds that the due process violation alleged here, i.e., the trial court's violation of a state law requiring different jurists for preliminary hearing and trial, fits into the category of constitutional violations categorized as trial error. See Brecht v. Abrahamson, 507 U.S. 619, 629 (1993). Petitioner would be entitled to relief on this claim only if the trial error were not harmless.

It is well established that when evaluating constitutional trial errors on direct appeal, courts are to apply the constitutional standard of harmless beyond a reasonable doubt set out in Chapman v. California, 386 U.S. 18, 24 (1967). See Herrera v. Lemaster 225 F.3d 1176, 1177 (10th Cir. 2000). In this case, the OCCA applied the correct constitutional standard and found that any trial error related to the statutory violation by the court was harmless beyond a reasonable doubt.[3] Thus, Petitioner is entitled to habeas corpus relief on this claim only if he demonstrates that the OCCA's application of the Chapman harmless error standard was unreasonable.

Relying on Tumey v. Ohio, 273 U.S. 510 (1927), Petitioner claims that Judge Sellers was not impartial and the error at his trial was a structural error, requiring reversal of his conviction (Dkt. # 2 at 5). He argues that he has been denied due process because the "facts are clear" that Judge

---

[3]   Although the OCCA applied the correct harmless error standard, that court did not cite Chapman as the source of the standard. Nonetheless, a decision was reached on the merits by the OCCA and must be examined by this Court pursuant to 28 U.S.C. § 2254(d). Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).

Sellers had a vested interest in the outcome of Petitioner's trial. See Dkt. # 15 at 2. The Tumey decision is easily distinguishable from Petitioner's case. In Tumey, the mayor of a village also acted as judge. Under state law, the judge was allowed to keep any fine he assessed on a defendant as fees for his services. The Supreme Court noted that the judge had a "direct personal pecuniary interest in convicting [a] defendant who came before him" because he could not collect costs if the defendant were acquitted. Tumey, 273 U.S. at 523. Petitioner fails to explain what vested interest Judge Sellers might have in the outcome of his trial, but it is clearly not analogous to the pecuniary interest of the judge in the Tumey case. The Court concludes that Petitioner has failed to demonstrate that the OCCA's decision was an unreasonable application of federal law. Habeas relief shall be denied on this claim.

**2.       Insufficient evidence (ground two)**

In his second ground for relief, Petitioner argues that the state presented insufficient evidence to establish his guilt of driving under the influence[4] beyond a reasonable doubt (Dkt. # 2, App. B at 8). He contends that the evidence presented by the state "was obviously contradictory, misleading and confusing to the jury." Id. On direct appeal, the OCCA rejected Petitioner's claim of insufficient evidence, finding:

> Appellant's second proposition warrants no relief as we find, after viewing the evidence in the light most favorable to the State and accepting all reasonable inferences and credibility choices that tend to support the jury's verdict, that any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203-204 (Okl.Cr.1989).

---

[4]     Although Petitioner was found guilty on three counts, the only argument presented on this ground two claim appears to be challenging the conviction on Count I.

7

Dkt. # 2, App. A at 3. The Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 7 at 7).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an

unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Oklahoma law provides the substantive elements of driving under the influence as: (1) driving a motor vehicle; (2) on a public road, highway, turnpike, or public parking lot; (3) while under the influence of alcohol. See Dkt. # 8, Tr. Trans. at 209; Okla. Stat. tit. 47, § 11-902. Although Petitioner denies that he was driving, the jury heard the testimony of Tulsa Police Officer Gibson which would make Petitioner's denial improbable. Officer Gibson testified that he observed Petitioner make two illegal turns, then park the car illegally (Dkt. # 8, Tr. Trans. at 125-28). Officer Gibson also testified that he noted a strong smell of alcohol coming from Petitioner's car and Petitioner. Id. at 131. He further observed that Petitioner had bloodshot eyes and slurred speech. Id. Officer Gibson further testified that Petitioner was unsteady on his feet, that he refused to take a field sobriety test, and his behavior was belligerent. Id. at 132-35. Based upon his observations and training, Officer Gibson concluded that Petitioner was under the influence of alcohol and was "well intoxicated." Id. at 136-37. The back-up police officer who came to the scene was Tulsa Police Officer Johnson. Officer Johnson testified that he arrived after Officer Gibson had placed Petitioner in his patrol car. Id. at 164. He described Petitioner's condition as "yelling, hollering, upset," with slurred speech and an odor of alcohol. Id. at 164-66. Officer Johnson testified that he also concluded that Petitioner was "under the influence." Id. at 167. Based on Oklahoma law and the cited testimony, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of driving under the influence of intoxicating liquor.

The Court therefore concludes that the OCCA's resolution of Petitioner's evidentiary challenge was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact).

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 31st day of January, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT